1  CHARLES D. AXELROD (SBN 39507)
2  GARY E. KLAUSNER (SBN 69077)
3  H. ALEXANDER FISCH (SBN 223211)
   MARINA FINEMAN (SBN 193065)
4  STUTMAN, TREISTER & GLATT
   PROFESSIONAL CORPORATION
5  1901 Avenue of the Stars
   12th Floor
6  Los Angeles, CA 90067
   Telephone:  (310) 228-5600
7  Telecopy:   (310) 228-5788
   Email:      gklausner@stutman.com;
8              afisch@stutman.com
9
   DANIEL K. SPRADLIN (SBN 82950)
10 M. LOIS BOBAK (SBN 127540)
   WOODRUFF, SPRADLIN & SMART, APC
11 555 Anton Boulevard, Suite 1200
12 Costa Mesa, California 92626-7670
   Telephone:  (714) 558-7000
13 Facsimile:  (714) 835-7787
   Email:      dspradlin@wss-law.com;
14             lbobak@wss-law.com
15
   Attorneys for Appellee
16 Valley Health System

17 R.D. KIRWAN (SBN 46259)
   CHAD STEGEMAN (SBN 225745)
18 DEVIN STONE (SBN 260326)
19 AKIN GUMP STRAUSS HAUER & FELD LLP
   2029 Century Park East, Suite 2400
20 Los Angeles, California 90067
   Telephone:  (310) 229-1000
21 Facsimile:  (310) 229-1001
   Email:      rkirwan@akingump.com;
22             cstegeman@akingump.com;
23             dstone@akingump.com

24 Attorneys for Appellee
25 Physicians for Healthy Hospitals, Inc.

26
27
28

544924v1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re<br><br>VALLEY HEALTH SYSTEM, a California Local Health Care District,<br><br>    Debtor.<br><br>PRIME HEALTHCARE MANAGEMENT, INC., a California Corporation; ALBERT L. LEWIS, JR., a taxpayer and resident of the VHS local health care district; JOHN LLOYD, a taxpayer and resident of the VHS local healthcare district; EDWARD J. FAZEKAS, a taxpayer and resident of the VHS local health care district,<br><br>    Appellant,<br><br>v.<br><br>VALLEY HEALTH SYSTEM, a California local healthcare district; PHYSICIANS FOR HEALTHY HOSPITALS, INC., a California Corporation,<br><br>    Appellees. | D.C. Case No.: 10-CV-00730-SVW<br><br>Bankr. Case No. 6:07-bk-18293-PC<br><br>Adv. Pro. No. 6:09-ap-01708-PC<br><br>Chapter 9<br><br>**DECLARATION OF GARY E. KLAUSNER IN SUPPORT OF APPELLEES' JOINT MOTION TO DISMISS APPEAL AS MOOT**<br><br><u>Hearing</u><br>Date:  November 22, 2010<br>Time:  1:30 p.m.<br>Judge: Hon. Stephen V. Wilson<br>Place: Courtroom 6<br>       312 N. Spring Street<br>       Los Angeles, CA  90012 |

I, Gary E. Klausner, hereby declare that,

    1.    I am an attorney duly licensed and admitted to practice before all state courts within the State of California and before the United States District Court for the Central District of California, as well as the Ninth Circuit Court of Appeals and the United States Supreme Court. I am a shareholder of the law firm of Stutman,

544924v1

1  Treister & Glatt Professional Corporation ("ST&G"), which is bankruptcy counsel to
2  Valley Health System, a California Local Healthcare District (the "District").

3      2.    Unless otherwise indicated, the facts stated herein are based upon
4  my personal knowledge of the matters contained herein, and, if called upon to testify,
5  I could and would testify to each such matter based upon personal knowledge thereof.
6  I submit this declaration in support of the "Appellees' Joint Motion to Dismiss Appeal
7  As Moot" (the "Motion to Dismiss").[1]

8      3.    I have been the ST&G attorney with primary responsibility for
9  representing the District in its Chapter 9 Case for more than two years, and am
10 familiar with all major events that have occurred in the case because of my personal
11 involvement in the case. I was closely and directly involved in the negotiation and
12 drafting of both the ASA and the Plan. Thus, I am familiar with the terms of both
13 documents. True and correct copies of the ASA and the Plan are included in the
14 "Appendix to Appellees' Joint Motion to Dismiss" (the "Appendix") as Exhibits "3"
15 and "4," respectively. I was also involved in the negotiations that led to the
16 modification of the Plan filed on February 19, 2010, and am familiar with the
17 modifications, which are a part of the Plan. A true and correct copy of the pleading
18 setting forth the Plan modifications is included in the Appendix as Exhibit "5."
19 Additionally, I have been closely involved in the Sale of the District's assets and other
20 actions taken by the District in reliance of the Confirmation Order.

21     4.    The District filed a petition for relief under chapter 9 of the
22 Bankruptcy Code on December 13, 2007. The Bankruptcy Court entered an order for
23 relief thereon on February 20, 2008. After approximately a year and a half in the
24 Chapter 9 Case, and unable to develop an internal, "stand alone" restructuring plan,

---

[1] All capitalized terms not defined herein shall have the meaning set forth in the Motion to Dismiss.

544924v1     3

1  the District entered into a term sheet and eventually the ASA with PHH, pursuant to
2  which the District would sell, and PHH would purchase, substantially all of the
3  District's assets.

4     5.   The Board approved the ASA on October 6, 2009. Thereafter,
5  Prime commenced the Challenge Actions, seeking to block the public vote on
6  Measure P and the consummation of the Sale.

7     6.   The District filed its plan of adjustment, which was originally
8  premised on the Sale or an alternative transaction where less than 50% of the District's
9  assets would be sold, along with a related disclosure statement, on November 2,
10 2009.[2] To expedite resolution of the Challenge Actions, the District and Appellants
11 stipulated that all of the Challenge Actions would be tried in the Bankruptcy Court as
12 part of the plan confirmation process and that the Bankruptcy Court would have
13 jurisdiction to adjudicate all of the issues pertaining to these actions. The Bankruptcy
14 Court entered an order on December 23, 2009 which provided for the Bankruptcy
15 Court to hear and decide the Challenge Actions as part of the Plan confirmation
16 process and scheduled the Plan confirmation hearing and the evidentiary hearings
17 regarding the Challenge Actions to begin on February 9, 2010 and to continue
18 thereafter on February 22, 2010.[3]

---

[2] After the District's citizens approved Measure P, and thus the Sale, in a public election, the District amended the Plan and disclosure statement on December 17, 2009 to eliminate reference to the alternative transaction, so that the Plan was premised solely on the Sale. The District also modified the Plan on February 19, 2010 to enhance the treatment of creditors.

[3] See Order approving the disclosure statement, dated December 23, 2009, which appears as Docket No. 694 in case number 07-18293, a true and correct copy of which is included in the Appendix as Exhibit "7." The parties memorialized their agreement regarding the Bankruptcy Court's resolution of the Challenge Actions in a subsequent stipulation, which was approved by the Bankruptcy Court's "Order Approving Stipulation to Withdraw Renewed Motion for Relief from Stay, Dismiss Appeal and to Adjudicate Issues Raised by Challenge Actions", entered on January 22, 2010, which appears as Docket No. 755 in case number 07-18293, a

7. Prime also opposed confirmation of the District's Plan on grounds other than the Challenge Actions. On January 25, 2010 – the deadline to file objections to confirmation of the Plan – Prime purchased a $4,920 general unsecured claim in the Chapter 9 Case and thereby acquired standing to object to confirmation of the Plan.[4] On the same day, Prime filed an objection to the Plan.

8. The District's Plan was accepted by over ninety-seven percent (97%) of its creditors who voted. The hearing on confirmation of the Plan commenced on February 9, 2010, by which time all objections to the Plan, except for Prime's, had been withdrawn. Prime's Plan objections were based on its contentions that: (1) PHH did not have the financial resources to fund the closing of the Sale, and thus the Plan was not "feasible," and (2) the various claims set forth in the Challenge Actions made the ASA unenforceable.

9. The hearing on feasibility took place on February 22, 2010. On February 23, 2010, the Bankruptcy Court ruled that the District had provided sufficient evidence of feasibility and overruled Prime's objection on that ground. A true and correct copy of the relevant pages of the transcript reflecting where the Bankruptcy Court overruled Prime's feasibility objection is included in the Appendix as Exhibit "9."

10. The Challenge Actions were tried for four full court days, from February 23 through 26. During that trial, the parties presented ten witnesses, introduced more than one hundred pieces of evidence, and presented extensive oral argument at the conclusion of the trial. The Bankruptcy Court then took the matter under submission.

---

true and correct copy of which is included in the Appendix as Exhibit "8." None of these orders were appealed.

[4] The prior holder of the $4,920 claim, BP Cabinets, had voted in favor of Plan confirmation.

11. The Bankruptcy Court entered the Confirmation Order on April 26, 2010, having issued its Memorandum of Decision on April 8, 2010. True and correct copies of the Confirmation Order and the Bankruptcy Court's Memorandum of Decision are included in the Appendix as Exhibits 1 and 2, respectively.

12. The Appellants never sought a stay of the Confirmation Order, and nothing precluded the District or any other party from taking the actions expressly authorized by the Confirmation order, including closing the Sale. The Sale closed on October 13, 2010, and the District immediately began to implement the Plan, as many of the payment obligations under the Plan came due upon that same date. The "Effective Date" of the Plan occurred on October 13, 2010.

13. The Plan has now been substantially consummated. The only significant tasks that remain under the Plan are the completion of the claims review process, the distributions to be made by the Class 2A Claims Allowance/Disbursing Agent over the next four years, and distributions to certain administrative claimants.

14. The closing of the Sale and effectiveness of the Plan have resulted in significant changes to the rights of many parties that are not directly involved in this Appeal.

15. Among other things, as of the Effective Date, the District has "assumed and assigned" to PHH approximately four hundred executory contracts and unexpired leases with various entities, including without limitation, insurance agents, medical groups, pharmacies and other medical service providers, software and equipment lessors and licensors, and insurance companies. PHH is now liable to counterparties who are not parties to the Appeal for all current and future amounts due and owing under such contracts, including any damages that may result from the breach or early termination thereof, and the contract parties have no recourse against the District. *See* App. Ex. 4 (Plan § VI.A).

16. Select VHS Acquisition Company, LLC ("Select") no longer has

recourse against the District under a $9 million postpetition note that was assumed by PHH under the Plan. *See* App. Ex. 4 (Plan § III.A.1).

17. Also as of the Effective Date, creditors asserting "current" administrative claims against the District, which were assumed by PHH under the Plan, no longer have recourse against the District. *See* App. Ex. 4 (Plan §§ III.A.2, VII.A(3)).

18. PHH has assumed approximately $55 million in general unsecured claims owed by the District to holders of claims classified in the Plan as Class 2B claims, which result from the District's rejection and/or breach of such parties' contracts. Under the terms of the Plan, none of these creditors has any further recourse against the District. *See* App. Ex. 4 (Plan §§ IV.D, VII.A(6)).

19. The District has also assumed: (i) approximately forty payor contracts (such as with Blue Cross, Blue Shield, etc.) which it will assign to PHH once PHH obtains its Licenses; and (ii) approximately forty physician and government contracts (such as with Medi-Cal and Medicare), which the District will terminate once PHH has obtained all necessary licenses and Medicare Certifications and is able to enter into new agreements with these persons and entities. As a result of the Plan, the ASA, and the Management Agreement between the District and PHH described in the Declaration of John B. Marshall, PHH is now liable, in 100 cent dollars, for all current and future amounts due and owing under such contracts, including any damages that may result from the early termination thereof.

20. The District has rejected and/or terminated approximately thirty prepetition and postpetition agreements with, among others, laboratories, technical service providers, medical service providers, and surgical centers, which would be required for the District to operate the Hospitals.

21. The District has distributed the bulk of the proceeds that it received from PHH to the District's creditors. The Plan required the District to distribute, to the

indenture trustee for the Bondholders, an amount sufficient to fully satisfy all of the Bondholder's claims, including payment of all outstanding principal and accrued interest through the closing date of the Sale, plus all related outstanding fees and expenses, of the indenture trustee and its attorneys and advisors, to which the indenture trustee is entitled. *See* App. Ex. 4 (Plan § IV.A & B). I am informed and believe that on the closing date of the Sale, the District distributed $48,509,830.46 to the Bondholders' indenture trustee. The Plan also required the District to distribute $2 million on the Effective Date to general unsecured creditors, who are classified in Class 2A of the Plan. *See* App. Ex. 4 (Plan §IV.D.2); Ex. 5 (Plan Modifications ¶ 2(i)). The District distributed $2 million on the Effective Date to the Claims Allowance/Disbursing Agent, as defined in the Plan, who is responsible for making distributions to holders of Class 2A claims.

22. Based on these changes of position in reliance of the unstayed Confirmation Order, it would be impossible to reverse the transactions that have been completed in reliance on the Confirmation Order and "undo" the Plan and ASA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of October 2010 at Los Angeles, California.

_____
Gary E. Klausner

544924v1                                                         8