1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>VALLEY HEALTH SYSTEM, a<br>California Local Health Care<br>District,<br><br>                Debtor.<br><br>PRIME HEALTHCARE MANAGEMENT,<br>INC., a California Corporation;<br>ALBERT L. LEWIS, JR., a taxpayer<br>and resident of the VHS local<br>health care district; JOHN<br>LLOYD, a taxpayer and resident<br>of the VHS local healthcare<br>district; EDWARD J. FAZEKAS, a<br>taxpayer and resident of the VHS<br>local health care district,<br><br>                Appellants,<br><br>            v.<br><br>VALLEY HEALTH SYSTEM, a<br>California local healthcare<br>district; PHYSICIANS FOR HEALTHY<br>HOSPITALS, INC., a California<br>Corporation,<br><br>                Appellees. | EDCV 10-00730-SVW<br><br>Bkr. Case No. 6:07-bk-18293-PC<br>[Chapter 9]<br><br>ORDER GRANTING APPELLEES'<br>MOTION TO DISMISS APPEAL AS<br>MOOT [29]<br><br>JS6 |

## I. INTRODUCTION

On April 26, 2010, the Bankruptcy Court confirmed a plan (the "Plan") filed by Appellees, Valley Health System, a California Local Health Care District (the "District"), and Physicians for Healthy Hospitals, Inc. ("PHH") under chapter 9 of the Bankruptcy Code (the "Confirmation Order"). Appellants, Prime Healthcare Management, Inc. ("Prime"), Save the Hospitals, Inc., and three individuals appealed from the Bankruptcy Court's Confirmation Order. Appellants, however, did not seek a stay pending appeal of the Confirmation Order.

The "Effective Date" of the Plan was October 13, 2010, which included the sale of the District's assets (including two hospitals) to PHH. In addition to the sale of the District's assets, a number of other provisions of the Plan have been implemented. For example, PHH entered into a complex financing arrangement for a loan in the amount of approximately $31 million to consummate the purchase, a payment of approximately $58 million was paid to the District at closing, the District distributed approximately $48 million of the sale proceeds to satisfy pre-bankruptcy claims, PHH has assumed and paid various employee liabilities, and the hospitals are now operated by PHH.

On appeal, Appellants argue that the Plan is not feasible and that the sale is void under California Government Code § 1092 because the board of directors who voted to approve the provisions of the Plan were financially "interested" parties. These points were also raised with the bankruptcy judge, and after a six-day trial, the judge issued an 82-page decision that concluded the Plan should be confirmed and all objections should be overruled. On October 22, 2010, Appellees brought this Motion to Dismiss, arguing that the appeal is moot because

Appellants failed to seek a stay pending appeal under Rule 8005 of the Federal Rules of Bankruptcy Procedure and under other theories of equitable and statutory mootness.  On November 15, 2010, Appellants filed a Notice of Non-Opposition.

## II.  LEGAL STANDARD

Mootness is a jurisdictional issue which can be raised *sua sponte*, In re Omoto, 85 B.R. 98, 99-100 (B.A.P. 9th Cir. 1988), and is reviewed *de novo*. See In re Arnold & Baker Farms, 85 F.3d 1415, 1419 (9th Cir.1996), cert. denied, 519 U.S. 1054, 117 S. Ct. 681 (1997); In re Baker Drake, Inc., 35 F.3d 1348, 1351 (9th Cir.1994).

## III. DISCUSSION

Under Local Rule 7-9, Appellants were required to file an Opposition not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances.  Appellants failed to file an Opposition within the requisite time period.  Under the Local Rules "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  Local Rule 7-12; see also Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995) (affirming the trial court's order granting a motion to dismiss on the basis of plaintiff's non-opposition).

On November 15, 2010, Appellants filed a Notice of Non-Opposition. The Notice, however, simply stated that Appellants "do not intend to oppose" the Motion, and Appellants "waive their right, if any, to oral argument" on the Motion.  Thus, the Motion to Dismiss is GRANTED. Although the Court does not reach the merits of this Motion, for

3

clarification purposes, it also identifies reasons that the appeal would likely be moot.

### A. Failure to Obtain a Stay

"Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal." In re Onouli-Kona Land Co., 846 F.2d 1170, 1171 (9th Cir. 1988); see also In re Ernst Home Center, Inc., 221 B.R. 243, 247 (B.A.P. 9th Cir. 1998) (stating that "general principles of mootness require that an appeal must be dismissed when the appellant fails to obtain a stay pending appeal and events occur which prevent the appellate court from fashioning any effective relief").

Here, Appellants failed even to *seek* a stay pending appeal under Rule 8005 of the Federal Rules of Bankruptcy Procedure.  Thus, the record would justify denying the appeal as moot.

### B. Equitable Mootness

Under the doctrine of equitable mootness, "an appeal should . . . be dismissed as moot when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable." Official Comm. of Unsecured Creditors of LTV Aerospace & Def. Co. v. Official Comm. of Unsecured Creditors of LTV Steel Co. (In re Chateaugay Corp.), 988 F.2d 322, 325 (2d Cir. 1993).  Courts have fashioned this doctrine when faced with the difficult, impractical and sometimes impossible challenge of "unscrambling the egg." In re Baker & Drake, Inc., 35 F.3d 1348, 1351 (9th Cir. 1994).

4

Because of the Plan has been implemented, and because of the apparently complex nature of the transactions involved, the record would support denying the appeal as moot.

### C. Statutory Mootness

11 U.S.C. § 363(m) provides that the reversal or modification on appeal of an unstayed order authorizing a sale does not affect the validity of the sale if the purchase was made in good faith. Although this judicial mootness rule was codified in § 363(m), the codification did not abrogate the long-standing common law doctrine by limiting it to sales under § 363. See Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1424 (9th Cir. 1985).

Here, the Bankruptcy Court specifically found that PHH acted in good faith when purchasing the District's assets. (Confirmation Order ¶ 15.) Thus, the record would justify that the appeal should be dismissed as statutorily moot.

## IV. CONCLUSION

Because Appellants have not opposed the Motion to Dismiss, Appellants failed to seek a stay pending appeal, and because of the apparent impracticality of attempting to unwind the Plan implementation, the Motion to Dismiss is GRANTED, and the appeal is DISMISSED as MOOT.

IT IS SO ORDERED.

DATED: November 18, 2010

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE